UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dawn Lee Ann Brown,

    Plaintiff,

v.

Abubakar Atiq Durrani, *et al*.,

    Defendants.

Case No. 1:18cv786

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Motion for Summary Judgment (Doc. 20) and Motion for Reconsideration of this Court's Order denying the Motion for Judgment on the Pleadings (Doc. 34) filed by Defendants, Abubakar Atiq Durrani, M.D. ("Durrani") and Center for Advanced Spine Technologies, Inc. ("CAST").

In their Motion, Defendants seek reconsideration of this Court's Order that Plaintiff's claim is not barred by Ohio's statute of repose, Ohio Revised Code § 2305.113(C). However, as this Court explained in ruling on Defendants' Motion for Summary Judgment filed in a related case (Doc. 40, Case No. 1:18-cv-785, *Tara Brown v. Durrani, et al*.), Ohio Revised Code § 2305.15(A) tolls the limitations period contained in Ohio Revised Code 2305.113(C).[1] *See also Elliot v. Durrani*, 2021 WL 4026356, *8

---

[1] Ohio Revised Code § 2305.15(A) provides:

> When a cause of action accrues against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed. After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the

(Ohio Ct. App. Sept. 3, 2021) ("Based on the plain language, purpose, and history of R.C. 2305.15(A), as well as a cohesive reading of the Revised Code, we conclude that R.C. 2305.15(A) applies to toll the four-year medical statute of repose in R.C. 2305.113(C).").

Here, Durrani performed surgery on Plaintiff on December 27, 2010. Plaintiff filed her complaint in the Hamilton County Court of Common Pleas on August 15, 2016. While this filing date is beyond the four-year statute of repose, it is undisputed that Durrani fled to Pakistan in November 2013 and he has not returned to Ohio since that time. Because less than four years elapsed between Plaintiff's December 27, 2010 surgery and Durrani's November 2013 flight, the statute of repose does not time-bar Plaintiff's medical claims against Durrani. However, the statute of repose is not tolled as to CAST. *Accord Landrum v. Durrani*, Case No. 1:18-CV-807, 2020 WL 3501399, at *4 (S.D. Ohio June 29, 2020). Therefore, Plaintiff's claim for vicarious liability against CAST is **DISMISSED**.[2] However, all other claims against CAST remain pending.

Therefore, it is hereby **ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc. 20) is **GRANTED in PART** and **DENIED in PART.** Plaintiff's claim for vicarious liability against Defendant CAST is **DISMISSED** but Defendants' Motion is **DENIED** in all other respects; and

---

person's absence or concealment shall not be computed as any part of a period within which the action must be brought.

[2] This Court has previously concluded that Plaintiff's claims for negligent hiring, retention and supervision, fraud and violation of the Ohio Consumer Sales Protection Act are "medical claims" within the meaning of meaning of § 2305.113(C). *See Stidham v. Durrani*, No. 1:18-CV-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (citing *Landrum*, 2020 WL 3512808 at *5); *Levandofsky v. Durrani*, No. 1:18-CV-809, 2020 WL 5535872, at *5 (S.D. Ohio Feb. 26, 2020), report and recommendation adopted, No. 1:18-CV-809, 2020 WL 5531396 (S.D. Ohio Sept. 15, 2020). However, Defendants have not made that argument here, so the Court will not address it at this time.

2. Defendants' Motion for Reconsideration (Doc. 34) is **DENIED**.

   **IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT